FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-3396
_____

DYCK-O'NEAL, INC.,

    Appellant,

    v.

OERTI STERMILLI,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Robert M. Dees, Judge.

August 3, 2018


PER CURIAM.

In *Higgins v. Dyck-O'Neal, Inc.*, this court held that "a party is not entitled to pursue an action at law on a promissory note where that party includes a prayer for a deficiency judgment in its foreclosure complaint and the trial court reserves jurisdiction to enter a deficiency judgment." 201 So. 3d 157, 166 (Fla. 1st DCA 2016). Based on that case, which was binding at the time, the trial court dismissed with prejudice appellant's independent action for a deficiency judgment.

On appeal, appellant argued that *Higgins* was wrongly decided. And while the appeal was pending, the Florida Supreme Court agreed. It disapproved *Higgins* and held that "when a foreclosure court reserves jurisdiction to adjudicate a deficiency

judgment claim but has not adjudicated the claim, section 702.06, Florida Statutes (2014), permits the lender or its assignee to bring its deficiency claim in a separate action at law." *Dyck-O'Neal v. Lanham*, SC17-975, 43 Fla. L. Weekly S278c (Fla. July 6, 2018). Accordingly, we reverse and remand for further proceedings on appellant's deficiency claim.

REVERSED and REMANDED.

MAKAR, WINOKUR, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., David M. Snyder of David M. Snyder, P.A., and Joshua D. Moore of Law Offices of Daniel C. Consuegra, Tampa, for Appellant.

Michael S. Drews of Drews Law Firm, Jacksonville, for Appellee.